J-S42003-16

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT POLZER :
:
Appellant : No. 298 WDA 2015
:

Appeal from the PCRA Order December 15, 2014
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013546-2008

BEFORE: SHOGAN, J., OTT, J., and FITZGERALD[*], J.

JUDGMENT ORDER BY SHOGAN, J.: FILED MARCH 23, 2018

Appellant, Robert Polzer, appeals pro se from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. When this appeal was first presented to our Court, we concluded that it was timely, but we affirmed the court's denial of Appellant's PCRA petition. Commonwealth v. Polzer, 298 WDA 2015 (Pa. Super. filed June 22, 2016) (unpublished memorandum). Appellant filed a timely petition for allowance of appeal in the Supreme Court of Pennsylvania on July 18, 2016. On February 23, 2018, our Supreme Court granted Appellant's petition for allowance of appeal, vacated this Court's order, and remanded to this Court for reconsideration in light of Commonwealth v. Muniz, 164 A.3d 1189 (Pa.

_____
[*] Former Justice specially assigned to the Superior Court.

2017) (Opinion Announcing the Judgment of the Court), cert. denied. sub

nom. Pennsylvania v. Muniz, ___ U.S. ___, 2018 WL 491630, at *1 (U.S.

2018). The sole issue for our reconsideration was framed by our Supreme

Court as follows:

> Whether the appellate Superior Court erred in its findings and conclusions, and the PCRA court committed legal error in denying Petitioner's claim that the Sex Offender Registration and Notification Act (SORNA) under 42 Pa.C.S.A. §9799, i.e., §§9799.15(e) and (e)(3) violate the due process clause of the Fifth and the Fourteenth Amendments to the United States Constitution, and the due process rights under the Pennsylvania Constitution, Art. 1, §1, and Art. 1, §9, and, therefore, violate the prohibition of the Ex Post Facto Clauses to the United States Constitution, Art. 1, §10, Clause 1, and the Pennsylvania Constitution, Art. 1, §17, where Petitioner is clearly not designated as a Sexually Violent Predator (SVP) to justify and warrant such progressively rigid conditions and "quarterly in-person" reporting requirements previously subject only to those deemed an SVP, whereas, SORNA'S irrebuttable presumption that all sexual offenders pose a high risk of reoffending violates procedural and substantive due process under the Pennsylvania Constitution, and as such, SORNA's Internet notification provision and quarterly verification requirements constitute an ex post facto law under the Pennsylvania Constitution?

Order, 457 WAL 2016. The Supreme Court of Pennsylvania denied Appellant's

petition for allowance of appeal in all other respects.

As noted, our Supreme Court limited Appellant's issue to the application

of the Sexual Offender Registration and Notification Act ("SORNA I"), 42

Pa.C.S. §§ 9799.10–9799.41. However, on February 21, 2018, the legislature

amended and replaced SORNA I with SORNA II. 42 Pa.C.S. §§ 9799.10–

9799.42 (Act 2018, Feb. 21, P.L. 27, No. 10, § 5.2 (effective immediately)).

Thus, Appellant's issue is arguably moot if SORNA I is no longer effective, as

Appellant's registration requirements may now be governed by SORNA II. In light of these developments and in an abundance of caution, as Appellant's counsel was permitted to withdraw,[1] we order as follows:

This matter is remanded to the PCRA court solely for it to appoint counsel to represent Appellant on reconsideration in this Court. Pursuant to Pa.R.A.P. 2140, appointed counsel shall prepare an appellate brief addressing the application and implications of SORNA I and SORNA II for our consideration following remand from our Supreme Court. Appellant's counseled brief shall be filed within sixty days of the order appointing counsel, and the Commonwealth shall have thirty days thereafter in which to file a brief in response. The length of the briefs and the number of copies to be filed shall comply with Pennsylvania Rules of Appellate Procedure 2135 and 2187. Appellant is not required to file a reproduced record.

Case remanded with instructions. Panel jurisdiction retained.

Justice Fitzgerald did not participate in the consideration or decision of this case.

---

[1] We note that prior to our Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), the PCRA court permitted Appellant's counsel to withdraw pursuant to counsel's assertion that there were no meritorious issues and his satisfaction of the mandates of Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).